UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES OBERGEFELL and<br>JOHN ARTHUR<br>C/O Gerhardstein & Branch, LPA<br>432 Walnut Street<br>Suite 400<br>Cincinnati, Ohio 45202<br><br>and<br><br>DAVID BRIAN MICHENER<br>C/O Gerhardstein & Branch, LPA<br>432 Walnut Street<br>Suite 400<br>Cincinnati, Ohio 45202<br><br>      Plaintiffs,<br><br>vs.<br><br>JOHN KASICH<br>77 South High Street 30th Floor<br>Columbus, OH 43215<br><br>and<br><br>MIKE DEWINE, Attorney<br>General of Ohio<br>30 E. Broad Street, 14th Floor<br>Columbus, OH 43215<br><br>and<br><br>CAMILLE JONES, M.D.<br>Registrar<br>City of Cincinnati Health<br>Department, Office of Vital<br>Records<br>1525 Elm Street, 4th floor<br>Cincinnati, OH 45202<br><br>      Defendants | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Case No. 13-cv-501<br><br>Judge<br><br>**AMENDED VERIFIED**<br>**COMPLAINT FOR**<br>**TEMPORARY RESTRAINING**<br>**ORDER AND DECLARATORY**<br>**AND INJUNCTIVE RELIEF** |

## I. PRELIMINARY STATEMENT

1. This civil rights case challenges as unconstitutional the Ohio statute and state constitution that deny legal recognition in Ohio to the marriages of same-sex couples who are married in one of the many states and numerous foreign countries where same-sex marriages are legal. The Obergefell-Arthur plaintiffs have been in a committed relationship for over twenty years. John Arthur suffers from debilitating ALS disease and is currently a hospice patient. Following the U.S. Supreme Court's historic decision *United States v. Windsor*, the couple traveled to Maryland and was married in accordance with the laws of that state. Now back in Ohio, their marriage is not recognized by the state of Ohio for any purpose. Meanwhile, the marriages of opposite-sex couples that are legal in other states but would not be allowed in Ohio (e.g., marriages of first cousins or a young partner) are routinely accepted in Ohio if those marriages are legal in the state where they are celebrated. This recognition of opposite-sex marriages but rejection of same-sex marriages that do not meet the Ohio criteria for marriage violates rights secured to the plaintiffs by the United States Constitution. Plaintiff David Michener was married to William Herbert Ives on July 22, 2013, in the state of Delaware. Mr. Ives died on Tuesday, August 27, 2013. Mr. Michener seeks a death certificate reflecting his status as spouse. A death certificate is needed now in order to proceed with a cremation of Mr. Ives on Wednesday, September 4, 2013. Plaintiffs seek declaratory and injunctive relief for themselves and hope to set a precedent that will lead to relief for other same-sex couples.

## II. JURISDICTION AND VENUE

2. Jurisdiction over the federal claims is conferred on this Court by 28 U.S.C. §1331 and §1343(3) and (4). Venue is proper under 28 U.S.C. §1391.

## III. PARTIES

3. Plaintiff James Obergefell is a resident of Cincinnati, Ohio. He is married to John Arthur.

4. Plaintiff John Arthur is a resident of Cincinnati, Ohio. He is married to James Obergefell.

5. Plaintiff David Michener is a resident of Wyoming, Ohio. He was married to William Herbert Ives. Mr. Ives died at University Hospital in Cincinnati on August 27, 2013.

6. Defendant John Kasich is the Governor of the State of Ohio. In that capacity, he is empowered to ensure that the laws of the State are faithfully executed. *See* Ohio Const. Art. III, § 2. Defendant Kasich is sued in his official capacity.

7. Defendant Mike DeWine is the Attorney General of the State of Ohio. In that capacity he is the chief legal officer of the State of Ohio. Among his duties is the requirement that he advise state and local officials on questions of Ohio law. See Ohio Rev. Code §109.14. Defendant DeWine is sued in his official capacity.

8. Defendant Dr. Camille Jones, Local Registrar, Cincinnati Health Dept. Office of Vital Records, is responsible for filing death certificates and ensuring the personal information on the death certificate is accurate. Defendant Jones is sued in her official capacity.

## V.  FACTS

A.  **James and John Are Married in Maryland**

9. James and John have been in a committed relationship and have been Cincinnati residents for more than twenty years.

10. In 2011, John was diagnosed with amyotrophic lateral sclerosis (ALS). The disease has caused progressive and severe muscle deterioration. The disease has no known cure. It is fatal.

11. John is currently a hospice patient.

12. On July 11, 2013, friends and family helped finance a trip by James and John to Maryland. They traveled in a special jet equipped with the medical equipment and a medical staff to serve John's needs.

13. They were married in the jet as it sat on the tarmac at the Baltimore airport in Anne Arundel County, Maryland.

14. They returned to Cincinnati that same day.

**B. David and William were Married in Delaware**

15. David Michener and William Ives were married in Delaware on July 22, 2013. Their marriage is legally recognized in Delaware.

16. They had been together for eighteen years and they have three adopted children.

17. William died unexpectedly of natural causes at University Hospital in Cincinnati, Ohio on August 27, 2013.

18. His remains are currently at a funeral home in Cincinnati.

19. It was his request that his remains be cremated. A cremation is scheduled for Wednesday, September 4, 2013.

20. A death certificate must be issued before the cremation can be permitted.

21. Surviving spouse David Michener has requested a death certificate that reflects William's status as married spouse and lists David as the surviving spouse.

**C. The Marriages of James and John and of David and William are not Recognized in Ohio**

22. The marriage of James and John is legally recognized in Maryland.

23. The marriage of David and William is legally recognized in Delaware.

24. Their marriages are also recognized by the federal government by virtue of the decision in *United States v. Windsor*, 133 S.Ct. 2675 (June 26, 2013).

25. Their marriages are not recognized in Ohio.

26. Ohio law prohibits legal recognition of the marriage of James and John. It also prohibits legal recognition of the marriage of David and William. Ohio Rev. Code. § 3101.01(C )(2) states, "Any marriage entered into by persons of the same-sex in any other jurisdiction shall be considered and treated in all respects as having no legal force or effect in this state and shall not be recognized by this state."

27. The Ohio constitution also prohibits recognition of the marriages of James and John and of David and William. OH Const. Art. XV, §11 states, "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage."

5

### D. Marriages of Opposite-Sex Couples are Treated Differently

28. Opposite-sex couples do face restrictions in Ohio on who may marry. ORC §3101.01(A) states, "Male persons of age eighteen years and female persons of the age of sixteen years, *not nearer of kin than second cousins*...may be joined in marriage." (emphasis added). But the validity of their marriages is determined by the law of the state where their marriage was celebrated. *Mazzolini v. Mazzolini,* 168 Ohio St. 357, 358 (Ohio Sup. Ct. 1958) (Marriage of first cousins was legal in Massachusetts and therefore is legal in Ohio regardless of Ohio statute to contrary).

29. More than 1,000 federal benefits, privileges and responsibilities are impacted by marital status. Opposite-sex couples who reside in Ohio and not in the jurisdictions where they celebrated their legal marriages will be entitled to all of those federal benefits even if (e.g., due to kinship or age) their marriages would not have been recognized in Ohio had they attempted to marry in Ohio. Same-sex married couples including James and John who do not reside in jurisdictions where they celebrated their legal marriages may be denied most of those federal benefits solely because they live in Ohio. Many state and private employer benefits will also be denied to same-sex couples married legally in other states and now residing and/or working in Ohio.

30. The different treatment of same-sex marriages celebrated in other jurisdictions from opposite-sex marriages celebrated in other jurisdictions is not supported by a legitimate state interest and imposes severe harm on same-sex couples including Plaintiffs James and John and Plaintiff David Michener who was married to William Ives.

E. **Need for Injunction**

31. James and John have been in love for more than twenty years. They very much want the world to officially remember and record their union as a married couple.

32. One very personal reflection of the harm imposed by defendants is evident from the death record. Unfortunately John is likely to die soon. If John dies first, the death record should record his "marital status at time of death" as "married." Unless this Court acts, his death record, consistent with Ohio law, will list his status as unmarried. That form should also record James as the "surviving spouse". Unless this Court acts, the death record will be blank for surviving spouse. That is, unless this court acts, the permanent death records for James and for John will not reflect their marriage at all. Opposite-sex couples married in other jurisdictions under circumstances otherwise not permitted in Ohio are treated completely differently. Their marriages will be reflected as valid and recognized on the death certificates of these opposite-sex couples.

33. These same issues are present for David Michener. His husband has died and he urgently needs to bring closure to the family in a manner that respects their marriage and the wishes of the decedent to be cremated. A death certificate is needed in order to proceed with a cremation.

34. Defendant Jones is responsible for keeping all death certificates. She supplies forms and instructions for filling out forms. Ohio law demands that she require that each death certificate, when presented for filing, be completed in accordance with Ohio law.

35. Because of Ohio's OH Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C)(2) prohibitions on same sex marriage, Defendant Jones requires a person filling out the

death certificate of a decedent who is married to a person of the same sex to indicate the decedent is not married and to not include the spouse's name on the certificate.

36. Upon information and belief, were it not for this Court's temporary restraining order, Defendant Jones would not allow John's death certificate to indicate he was married and that his spouse was James because of the state laws.

37. Defendant Jones has received a request to issue a death certificate reflecting the death of William Herbert Ives. She has requested, through her counsel, that she be given direction from this court on how to respond to this request.

38. There is no adequate remedy at law. James and John are suffering irreparable harm. David Michener is also suffering irreparable harm. There is no harm to the state or local governments by granting an injunction prohibiting enforcement of the challenged statute and Ohio constitution. The harm to plaintiffs is severe. The public interest is clearly served by this court acting to order recognition in Ohio of same-sex marriages celebrated in other jurisdictions consistent with the manner in which Ohio treats similarly situated opposite-sex couples. Only prompt action by this federal court ordering declaratory and injunctive relief will serve the public interest.

## VI. CLAIM FOR RELIEF

### First Claim – 42 U.S.C. §1983 - United States Constitution

39. Defendants, acting under color of law, have violated rights secured to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution including the right of association, the right to due process of law, and the right to equal protection under the law.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request that this Court:

A. Issue a declaratory judgment that the statute and Ohio Constitutional provision at issue in this case, as applied to the plaintiffs, violate the constitutional and statutory rights of plaintiffs;

B. Issue a preliminary and permanent injunction against the Defendants and all those acting in concert prohibiting enforcement of the laws, as applied, at issue in this action;

C. Award to Plaintiffs reasonable costs, expenses and attorney fees;

E. Award such other and further relief as this Court shall deem just and reasonable.

Respectfully submitted,

| I HAVE READ THESE ALLEGATIONS AND THEY ARE TRUE<br><br>_____<br>David Michener<br><br><br>Lisa T. Meeks (0062074)<br>Newman & Meeks Co., LPA<br>215 E. Ninth Street, Suite 650<br>Cincinnati, OH 45202<br>phone: 513-639-7000<br>fax: 513-639-7011<br>lisameeks@newman-meeks.com<br><br><br>*Attorney for Plaintiffs* | /s/ Alphonse A. Gerhardstein<br>Alphonse A. Gerhardstein # 0032053<br>*Trial Attorney for Plaintiffs*<br><br>Jennifer L. Branch #0038893<br>Jacklyn Gonzales Martin #0090242<br>Gerhardstein & Branch Co. LPA<br>Attorneys for Plaintiffs<br>432 Walnut Street, Suite 400<br>Cincinnati, Ohio 45202<br>(513) 621-9100<br>(513) 345-5543 fax<br>agerhardstein@gbfirm.com<br>jbranch@gbfirm.com<br>jgmartin@gbfirm.com<br>*Attorneys for Plaintiffs* |