UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES OBERGEFELL AND JOHN ARTHUR, | : | Civil Action No. 1:13-cv-501 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : | |
| | : | PROPOSED |
| v. | : | TEMPORARY RESTRAINING ORDER |
| | : | |
| JOHN KASICH, et. al., | : | |
| | : | |
| Defendants. | : | |

Upon consideration of the motion of Plaintiff David Michener for injunctive relief filed on September 2, 2013, and in light of the TRO that is presently pending in this matter, this Court has found and concluded, for the specific reasons required under Federal Rule of Civil Procedure 65(d), that Plaintiffs have shown (1) a likelihood of success on the merits on at least some of their claims, (2) that they will suffer irreparable harm if an injunction is not issued, and (3) that the balance of harms and the public interest weigh in favor of granting the temporary restraining order as applied to David Michener.

Specifically, the Court finds, on the current record, that Plaintiffs have established a substantial likelihood of success on the merits of their claim that Ohio Rev. Code §3101.01(C)(3)&(4) and Art. XV, §11, Ohio Constitution, violate rights secured by the First and Fourteenth Amendments to the United States Constitution in that same sex couples married in jurisdictions where same sex marriage is valid who seek to have their out-of-state marriage accepted as legal in Ohio are treated differently than opposite sex couples who have been married in states where

their circumstances allow marriage in that state but not in Ohio (*e.g.*, consanguinity or age). On this record, there is insufficient evidence of a legitimate state interest to justify this singling out of same sex married couples given the severe and irreparable harm it imposes on Michael David Ives-Michener.

THEREFORE, *as to David Michener*, it is hereby ORDERED that the motion (Doc. \_\_\_) is GRANTED and Defendants John Kasich, Mike DeWine, Camille Jones, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of this Order, are TEMPORARILY RESTRAINED from enforcing Ohio Rev. Code §3101.01(C )(3)&(4) and Art. XV, §11, Ohio Constitution; and, further, the local Registrar of death certificates, including Defendant Dr. Jones and her agents, are TEMPORARILY RESTRAINED from accepting a death certificate for William Herbert Ives that does not record his status at the time of death as "married" and his "surviving spouse" as David Michener.

This Temporary Restraining Order shall expire on December 31, 2013 at 5:00 p.m., unless extended by the parties and the Court.

Plaintiffs shall not be required to post bond. *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

**IT IS SO ORDERED.**

Date: _____

_____
Timothy S. Black
United States District Judge