UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES OBERGEFELL, *et al.*, | : | Case No. 1:13-cv-501 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | TEMPORARY RESTRAINING ORDER |
| JOHN KASICH, *et. al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

The Court today has granted permission to David Michener to join this lawsuit as an additional Plaintiff.

Mr. Michener and his male partner, William Herbert Ives, have been together as a loving and intimate couple for eighteen years and have adopted three children together. (Doc. 21 at 1). On July 22, 2013, Mr. Michener and Mr. Ives were lawfully married in Delaware, which state authorizes and recognizes same sex marriages. (*Id.*) However, on August 27, 2013, Mr. Ives died unexpectedly of natural causes at University Hospital in Cincinnati, Ohio. (*Id.* at 2). His remains are currently at a funeral home in Cincinnati, and his cremation is scheduled for tomorrow, September 4, 2013. (*Id.*) In order for the cremation to proceed, a death certificate must be issued. (*Id.*) Accordingly, Plaintiff Michener is seeking a death certificate that accurately reflects Mr. Ives's status as married and lists Mr. Michener as the surviving spouse in order to bring closure to the family in a manner that respects their marriage and Mr. Ives's wish to be cremated. (*Id.*)

Upon consideration of the motion of Mr. Michener for injunctive relief filed on September 2, 2013, and in light of the Temporary Restraining Order that is presently pending in this matter, this Court has found and concluded, for the specific reasons required under Federal Rule of Civil Procedure 65(d), that Plaintiff Michener has shown (1) a likelihood of success on the merits on at least some of his claims, (2) that he will suffer irreparable harm if an injunction is not issued, and (3) that the balance of harms and the public interest weigh in favor of granting the temporary restraining order as applied to David Michener.

Specifically, the Court finds, on the current record, that Plaintiff Michener has established a substantial likelihood of success on the merits of his claim that Ohio Rev. Code § 3101.01(C) (3)&(4) and Art. XV, §11, Ohio Constitution, violate rights secured by the First and Fourteenth Amendments to the United States Constitution in that same sex couples married in jurisdictions where same sex marriage is valid who seek to have their out-of-state marriage accepted as legal in Ohio are treated differently than opposite sex couples who have been married in states where their circumstances allow marriage in that state but not in Ohio (*e.g.*, consanguinity or age).  On this record, there is insufficient evidence of a legitimate state interest to justify this singling out of same sex married couples given the severe and irreparable harm it imposes on David Michener.  *See* the Court's Order Granting Plaintiffs' Motion for a Temporary Restraining Order of July 22, 2013 (Doc. 13), incorporated by reference here as if fully restated; *see also United States v. Windsor*, __ U.S. __, 133 S.Ct. 2675 (2013); *Romer v. Evans*, 517 U.S. 620 (1996).

THEREFORE, *as to David Michener*, it is hereby ORDERED that the motion (Doc. 21) is GRANTED and Defendants John Kasich, Mike DeWine, Camille Jones, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation

with Defendants who receive actual notice of this Order, are TEMPORARILY RESTRAINED from enforcing Ohio Rev. Code §3101.01(C )(3)&(4) and Art. XV, §11, Ohio Constitution; and, further, the local Registrar of death certificates, including Defendant Dr. Jones and her agents, are TEMPORARILY RESTRAINED from accepting a death certificate for William Herbert Ives that does not record his status at the time of death as "married" and his "surviving spouse" as David Michener.

      This Temporary Restraining Order shall expire on September 17, 2013 at 5:00 p.m., unless extended by the parties and the Court.

      Plaintiff Michener shall not be required to post a bond.

      **IT IS SO ORDERED.**

Date: 9/3/13                                                                       *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge