**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JAMES OBERGEFELL, et al.,** | : | |
| | : | Case No. 1:13-cv-00501 |
| Plaintiffs, | : | |
| | : | District Judge Timothy S. Black |
| v. | : | |
| | : | |
| **JOHN KASICH, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT OHIO ATTORNEY GENERAL MIKE DeWINE'S
ANSWER TO PLAINTIFFS' AMENDED VERIFIED COMPLAINT [DOC. NO. 24]**

In Answer to the Amended Verified Complaint in this action, Defendant Ohio Attorney General Mike DeWine ("Defendant"), hereby states as follows:

1.  Defendant does not dispute that Plaintiffs James Obergefell and John Arthur have been in a committed relationship for over twenty years; that John Arthur suffers from a debilitating ALS disease; that John Arthur is a hospice patient; and that James Obergefell and John Arthur traveled to Maryland and were married under the laws of Maryland. Defendant does not dispute that Plaintiff David Michener was married under the laws of the State of Delaware to William Herbert Ives on July 22, 2013 in Delaware and that Mr. Ives died on August 27, 2013. In light of the Court's September 3, 2013 Temporary Restraining Order (Doc. No. 23), Defendant denies that Plaintiff David Michener is still seeking a death certificate reflecting spousal status and that a death certificate is still necessary for the cremation of Mr. Ives to proceed. Defendant denies that the State of Ohio's Constitution and law defining marriage violate the United States Constitution. Further answering, Defendant notes that the remaining allegations in Paragraph 1 are legal conclusions for which no response is required here, and

further notes that nothing in Plaintiffs' Complaint alleges any violation of law by any State Defendant.

2. Defendant admits that Plaintiffs' claims purport to arise under federal law and that venue is proper. Further answering, Defendant denies that this Court has jurisdiction over Plaintiffs' claims.

3. Defendant does not dispute that James Obergefell is a resident of Cincinnati or that he was married under the laws of the state of Maryland to John Arthur as set forth in Paragraph 3.

4. Defendant does not dispute that John Arthur is a resident of Cincinnati or that he was married under the laws of the state of Maryland to John Arthur as set forth in Paragraph 4.

5. In response to Paragraph 5, Defendant does not dispute that David Michener is a resident of Wyoming, Ohio or that he was married under the laws of the state of Delaware to William Herbert Ives. Further answering, Defendant admits that Mr. Ives died at University Hospital in Cincinnati on August 27, 2013.

6. Defendant admits that John Kasich is the Governor of the State of Ohio. Further Answering, Defendant asserts that the remaining allegations in Paragraph 6 are legal conclusions to which no response is required here.

7. Defendant admits that he is the Attorney General of the State of Ohio. Defendant asserts that the remaining allegations in Paragraph 7 are legal conclusions for which no response is required here.

8. Defendant admits that Defendant Dr. Camille Jones is the Local Registrar of the Cincinnati Health Dept. Office of Vital Records. The remaining allegations in Paragraph 8 are legal conclusions to which no further response is required here.

9. Defendant does not dispute the allegations set forth in Paragraph 9 of the Amended Verified Complaint.

10. Defendant does not dispute the allegations set forth in Paragraph 10 of the Amended Verified Complaint.

11. Defendant does not dispute the allegations set forth in Paragraph 11 of the Amended Verified Complaint.

12. Defendant does not dispute the allegations set forth in Paragraph 12 of the Amended Verified Complaint.

13. Defendant does not dispute that James Obergefell and John Arthur were married in Maryland under the law of Maryland as set forth in Paragraph 13.

14. Defendant does not dispute the allegations set forth in Paragraph 14 of the Amended Verified Complaint.

15. Defendant does not dispute that David Michener and William Ives were married in Delaware under the laws of Delaware as set forth in Paragraph 15. The remaining allegation in Paragraph 15 calls for a legal conclusion to which no response is required here.

16. Defendant does not dispute that David Michener and William Ives were together for eighteen years and denies for want of information sufficient to form a belief the remaining allegations set forth in Paragraph 16.

17. Defendant does not dispute the allegations set forth in Paragraph 17 of the Amended Verified Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Amended Verified Complaint for lack of knowledge.

19. Defendant denies the allegations set forth in Paragraph 19 of the Amended Verified Complaint for lack of knowledge.

20. Defendant admits the allegations set forth in Paragraph 20 of the Amended Verified Complaint.

21. Defendant does not dispute that David Michener has asked to be listed as William Ives' surviving spouse as set forth in Paragraph 2 of the Amended Verified Complaint.

22. Defendant notes that the allegation in Paragraph 22 of the Amended Verified Complaint state a legal conclusion as to which no response is required here.

23. Defendant notes that the allegations in Paragraph 23 of the Amended Verified Complaint state a legal conclusion as to which no response is required here.

24. Paragraph 24 of the Amended Verified Complaint states a legal conclusion to which no response is required here. To the extent a response is required, Defendant states that the United States Supreme Court's decision in *United States v. Windsor*, 133 S.Ct. 2675 (2013) speaks for itself.

25. Defendant admits that the State of Ohio does not recognize same-sex marriage.

26. Defendant admits that the law of the State of Ohio does not recognize same-sex marriage, and that Paragraph 26 of the Amended Verified Complaint quotes a portion of Ohio statute. Defendant further states that Paragraph 26 of the Amended Verified Complaint includes a legal conclusion to which no response is required here and/or a statement of law that speaks for itself.

27. Defendant states that the People of the State of Ohio have, by popular vote, amended the Ohio Constitution to include the language quoted in Paragraph 27 of the Amended

4

Verified Complaint, and further notes that Paragraph 27 includes a legal conclusion to which no response is required here and/or a statement of law that speaks for itself.

28. Defendant asserts that Paragraph 28 of the Amended Verified Complaint is a legal conclusion to which a response is not required here.

29. Defendant denies the allegations set forth in Paragraph 29 of the Amended Verified Complaint, to any extent that such allegations do not state legal conclusions as to which no response is required here.

30. Defendant denies the allegations within Paragraph 30 of the Amended Verified Complaint.

31. Defendant does not dispute the allegations within Paragraph 31 of the Amended Verified Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Amended Verified Complaint, to any extent that such allegations do not state legal conclusions or requests as to which no response is required here, except that Defendant does not dispute the Amended Complaint's statements with regard to health.

33. With regard to the allegations of Paragraph 33 of the Amended Complaint, Defendant admits that William Herbert Ives has died. Defendant admits that a death certificate is necessary to proceed with a cremation. Defendant does not dispute that the late Mr. Ives desired to be cremated.

34. Defendant denies the allegations in Paragraph 34 of the Amended Verified Complaint.

35. Defendant denies for want of knowledge sufficient to form a belief the allegation in Paragraph 35 of the Amended Verified Complaint.

36. Defendant denies for want of knowledge sufficient to form a belief the allegation in Paragraph 36 of the Amended Verified Complaint.

37. Defendant denies for want of knowledge sufficient to form a belief the allegations set forth in Paragraph 37 of the Amended Verified Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Amended Verified Complaint, to any extent that they do not state legal conclusions as to which no response is required here.

39. Defendant denies the allegations set forth in Paragraph 39 of the Amended Verified Complaint.

40. Defendant denies all allegations set forth in the Prayer for Relief, and specifically deny that Plaintiffs are entitled to relief.

41. Defendant denies all allegations not expressly admitted or specified as not disputed.

WHEREFORE, having answered the Plaintiffs' Verified Amended Complaint, Defendant raises the following defenses, including affirmative defenses:

### FIRST DEFENSE

Defendant Ohio Attorney General Mike DeWine is entitled to immunity under the Eleventh Amendment of the United States Constitution.

### SECOND DEFENSE

This Court lacks jurisdiction over the Plaintiffs' claims.

### THIRD DEFENSE

Plaintiffs lack standing to bring their claims against Ohio Attorney General Mike DeWine.

**FOURTH DEFENSE**

Plaintiffs' claims are moot.

**FIFTH DEFENSE**

Plaintiffs' claims are not ripe.

**SIXTH DEFENSE**

Plaintiffs fail to state a claim upon which relief may be granted.

**SEVENTH DEFENSE**

Defendant Ohio Attorney General Mike DeWine is not a proper party to this action.

**EIGHTH DEFENSE**

Plaintiffs failed to join all necessary parties to this action.

**NINTH DEFENSE**

Article XV, Section 11 of the Ohio Constitution as adopted by vote of the People of the State of Ohio does not violate Plaintiffs' rights under the United States Constitution. Provisions of Ohio's Constitution may not be set aside without warrant in law.

**TENTH DEFENSE**

Ohio Revised Code § 3101.01(C)(2) does not violate Plaintiffs' rights under the United States Constitution. Duly adopted provisions of Ohio statute may not be set aside without warrant in law.

**ELEVENTH DEFENSE**

Ohio Attorney General Mike DeWine reserves the right to add defenses, including affirmative defenses, as may be disclosed during the course of this proceeding.

WHEREFORE, having fully answered, Ohio Attorney General Mike DeWine submits that the Amended Verified Complaint should be dismissed.

        Respectfully submitted,

        MICHAEL DEWINE
        Ohio Attorney General

        /s/ *Bridget E. Coontz*
        BRIDGET E. COONTZ (0072919)*
            *Lead and Trial Counsel
        ZACHERY P. KELLER  (0086930)
        Assistant Attorneys General
        Constitutional Offices Section
        30 East Broad Street, 16th Floor
        Columbus, Ohio 43215
        Tel: (614) 466-2872; Fax: (614) 728-7592
        bridget.coontz@ohioattorneygeneral.gov
        zachery.keller@ohioattorneygeneral.gov

        *Counsel for Defendant*
        *Ohio Attorney General Mike DeWine*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on September 19, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Bridget E. Coontz*
Bridget E. Coontz (0072919)
Assistant Attorney General