## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES OBERGEFELL and JOHN ARTHUR**<br>**C/O Gerhardstein & Branch, LPA**<br>**432 Walnut Street, Suite 400**<br>**Cincinnati, Ohio 45202** | : <br> : <br> : <br> : <br> : <br> : | **Case No. 13-cv-501** <br><br> **Judge Timothy S. Black** |
| **and** | : <br> : | **SECOND AMENDED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND DECLARATORY AND INJUNCTIVE RELIEF** |
| **DAVID BRIAN MICHENER**<br>**C/O Gerhardstein & Branch, LPA**<br>**432 Walnut Street, Suite 400**<br>**Cincinnati, Ohio 45202** | : <br> : <br> : <br> : <br> : | |
| **and** | : <br> : | |
| **ROBERT GRUNN**<br>**C/O Grunn Funeral Home**<br>**825 Main Street**<br>**Cincinnati, Ohio 45202** | : <br> : <br> : <br> : <br> : | |
| **Plaintiffs,** | : <br> : | |
| **vs.** | : <br> : | |
| **THEODORE E. WYMYSLO, M.D.**<br>**246 N. High Street**<br>**Columbus, OH 43215**<br>In his official capacity as the Director of the Ohio Department of Health | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| **and** | : <br> : | |
| **CAMILLE JONES, M.D.**<br>**1525 Elm Street, 4th floor**<br>**Cincinnati, OH 45202**<br>In her official capacity as Registrar, City of Cincinnati Health Department Office of Vital Records | : <br> : <br> : <br> : <br> : <br> : | |
| **Defendants.** | | |

# I. PRELIMINARY STATEMENT

1.   This civil rights case challenges as unconstitutional the application of the Ohio statute and state constitutional amendment that deny legal recognition in Ohio to the marriages of same-sex couples who are married in one of the many states and numerous foreign countries where same-sex marriages are legal.  The Obergefell-Arthur plaintiffs, for example, have been in a committed relationship for over twenty years.  John Arthur suffers from debilitating ALS disease and is currently a hospice patient.   Following the U.S. Supreme Court's historic decision *United States v. Windsor*, the couple traveled to Maryland and was married in accordance with the laws of that state.  Now back in Ohio, their marriage is not recognized by the state of Ohio for any purpose.  Meanwhile, the marriages of opposite-sex couples that are legal in other states but would not be allowed in Ohio (e.g., marriages of first cousins or a young partner) are routinely accepted in Ohio if those marriages are legal in the state where they are celebrated.  This recognition of opposite-sex marriages but rejection of same-sex marriages that do not meet the Ohio criteria for marriage violates rights secured to the plaintiffs by the United States Constitution.  Plaintiffs seek an order requiring defendants to issue a death certificate that reflects their status as married and their survivor as the surviving spouse.  Plaintiff Robert Grunn is a licensed funeral director and has a statutory duty to serve as an accurate and truthful reporter of personal facts with respect to applications for death certificates.  He sues on his own behalf and on behalf of his same-sex married clients in order that same-sex marriages be properly recognized on Ohio death certificates.

## II. JURISDICTION AND VENUE

2.  Jurisdiction over the federal claims is conferred on this Court by 28 U.S.C.

§1331 and §1343(3) and (4).  Venue is proper under 28 U.S.C. §1391.

## III. PARTIES

3.  Plaintiff James Obergefell is a resident of Cincinnati, Ohio. He is married to

John Arthur.

4.  Plaintiff John Arthur is a resident of Cincinnati, Ohio.  He is married to James

Obergefell.

5.  Plaintiff David Michener is a resident of Wyoming, Ohio.  He was married to

William Herbert Ives.  Mr. Ives died at University Hospital in Cincinnati on August 27,

2013.

6.  Plaintiff Robert Grunn is a funeral director and embalmer licensed by the State

of Ohio.  He is the managing partner at the Grunn Funeral Home at 825 Main Street in

Cincinnati, Ohio, 45202 and at the Grunn Lusain Memorial Center at 910 Patterson Blvd

in Dayton, OH  45402.

7.  Defendant Theodore E. Wymyslo, M.D., is the Director of the Ohio Department

of Health.  In that capacity he is responsible for overseeing the administration of all

statutes and regulations that relate to the State of Ohio's system for recording vital

statistics, including but not limited to the issuance of death certificates.  Defendant

Wymsylo is sued in his official capacity for injunctive relief only.

8.  Defendant Dr. Camille Jones, Local Registrar, Cincinnati Health Dept. Office of

Vital Records, is responsible for filing death certificates and ensuring the personal

3

information on the death certificate is accurate. Defendant Jones is sued in her official capacity for injunctive relief only.

## V. FACTS

**A.   James and John Are Married in Maryland**

9.   James and John have been in a committed relationship and have been Cincinnati residents for more than twenty years.

10. In 2011, John was diagnosed with amyotrophic lateral sclerosis (ALS).  The disease has caused progressive and severe muscle deterioration.  The disease has no known cure.  It is fatal.

11. John is currently a hospice patient.

12. On July 11, 2013, friends and family helped finance a trip by James and John to Maryland.  They traveled in a special jet equipped with the medical equipment and a medical staff to serve John's needs.

13. They were married in the jet as it sat on the tarmac at the Baltimore airport in Anne Arundel County, Maryland.

14. They returned to Cincinnati that same day.

**B.  David and William were Married in Delaware**

15. David Michener and William Ives were married in Delaware on July 22, 2013. Their marriage is legally recognized in Delaware.

16. They had been together for eighteen years and they have three adopted children.

17. William died unexpectedly of natural causes at University Hospital in Cincinnati, Ohio on August 27, 2013.

4

18. Surviving spouse David Michener requested a death certificate that reflected William's status as "married" and listed David as the surviving spouse.

19. On September 3, 2013 this Court issued a temporary restraining order (Doc. 23) restraining defendants from "accepting a death certificate for William Herbert Ives that does not list his status at the time of death as 'married' and his 'surviving spouse' as David Michener."

20. A death certificate consistent with this Court's order has since been issued and the remains of Mr. Ives have since been cremated.

21. Plaintiff Michener opposes any effort that defendants may take in the future to modify or alter the death certificate of his spouse, Mr. Ives.

22. Further, should Plaintiff Michener die without remarrying he seeks the opportunity to have his marital status listed on his death certificate as "widowed."

## C. The Marriages of James and John and of David and William are not Recognized in Ohio

23. The marriage of James and John is legally recognized in Maryland.

24. The marriage of David and William is legally recognized in Delaware.

25. Their marriages are also recognized by the federal government by virtue of the decision in *United States v. Windsor*, 133 S.Ct. 2675 (June 26, 2013).

26. Their marriages are not recognized in Ohio.

27. Ohio law prohibits legal recognition of the marriage of James and John. It also prohibits legal recognition of the marriage of David and William.  Ohio Rev. Code. § 3101.01(C )(2) states, "Any marriage entered into by persons of the same-sex in any

other jurisdiction shall be considered and treated in all respects as having no legal force or effect in this state and shall not be recognized by this state."

28. The Ohio constitution also prohibits recognition of the marriages of James and John and of David and William. OH Const. Art. XV, §11 states, "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage."

**D. Marriages of Opposite-Sex Couples are Treated Differently**

29. Opposite-sex couples do face restrictions in Ohio on who may marry. ORC §3101.01(A) states, "Male persons of age eighteen years and female persons of the age of sixteen years, *not nearer of kin than second cousins*…may be joined in marriage." (emphasis added). But the validity of their marriages is determined by the law of the state where their marriage was celebrated. *Mazzolini v. Mazzolini,* 168 Ohio St. 357, 358 (Ohio Sup. Ct. 1958) (Marriage of first cousins was legal in Massachusetts and therefore is legal in Ohio regardless of Ohio statute to contrary).

30. More than 1,000 federal benefits, privileges and responsibilities are impacted by marital status. Opposite-sex couples who reside in Ohio and not in the jurisdictions where they celebrated their legal marriages will be entitled to all of those federal benefits even if (e.g., due to kinship or age) their marriages would not have been recognized in Ohio had they attempted to marry in Ohio. Same-sex married couples including Plaintiffs who do not reside in jurisdictions where they celebrated their legal marriages may be denied many of those federal benefits solely because they live in Ohio. Many

state and private employer benefits will also be denied to same-sex couples married

legally in other jurisdictions and now residing and/or working in Ohio.

31. The different treatment of same-sex marriages celebrated in other jurisdictions

from opposite-sex marriages celebrated in other jurisdictions is not supported by a

legitimate state interest and imposes severe harm on same-sex couples including

Plaintiffs James and John and Plaintiff David Michener who was married to William

Ives(now deceased).

## E. Need for Injunction

32. James and John have been in love for more than twenty years. They very much

want the world to officially remember and record their union as a married couple.

33. One very personal reflection of the harm imposed by defendants is evident from

the death record. Unfortunately John is likely to die soon. If John dies first, the death

record should record his "marital status at time of death" as "married." Unless this Court

acts, his death record, consistent with Ohio law, will list his status as unmarried. That

form should also record James as the "surviving spouse". Unless this Court acts, the

death record will be blank for surviving spouse. That is, unless this court acts, the

permanent death records for James and for John will not reflect their marriage at all.

Opposite-sex couples married in other jurisdictions under circumstances otherwise not

permitted in Ohio are treated completely differently. Their marriages will be reflected as

valid and recognized on the death certificates of these opposite-sex couples.

34. These same issues are present for David Michener. At the time he applied for

the TRO, his husband has died and he urgently needed to bring closure to the family in a

manner that respected their marriage and the wishes of the decedent to be cremated. A

death certificate was needed in order to proceed with a cremation.  That death certificate that was issued consistent with this Court's order should not later be altered or amended to delete or eliminate the reference to their marriage or to Mr. Michener's status as a surviving spouse.

35. Defendant Jones is responsible for keeping all death certificates in Cincinnati, Ohio. She supplies forms and instructions for filling out forms.   Ohio law requires that she insist that each death certificate, when presented for filing, be completed in accordance with Ohio law.

36. Defendant Wymyslo is responsible for overseeing the administration of all statutes and regulations that relate to the State of Ohio's system for recording vital statistics, including but not limited to the issuance of death certificates.

37. Because of Ohio's OH Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C) (2) prohibitions on same sex marriage, Defendant Jones requires a person filling out the death certificate of a decedent who is married to a person of the same sex to indicate the decedent is not married and to not include the spouse's name on the certificate.

38. Upon information and belief, were it not for this Court's temporary restraining order, Defendant Jones would not allow John's death certificate to indicate he was married and that his spouse was James because of the state laws.

39. Before this Court issued the Order, Doc. 23, Defendant Jones received a request to issue a death certificate reflecting the death of William Herbert Ives.  She then requested through her counsel that she be given direction from this court on how to respond to this request.  This Court subsequently issued the temporary restraining order.

40. There is no adequate remedy at law.  James and John are suffering irreparable harm.  David Michener is also suffering irreparable harm.  There is no harm to the state or local governments by granting an injunction prohibiting enforcement of the challenged statute and Ohio constitutional amendment as applied to the plaintiffs with respect to the issuance of death certificates.  The harm to plaintiffs is severe.  The public interest is clearly served by this court acting to order recognition in Ohio of same-sex marriages celebrated in other jurisdictions consistent with the manner in which Ohio treats similarly situated opposite-sex couples as applied to the issuance of death certificates.  Only prompt action by this federal court ordering declaratory and injunctive relief will serve the public interest.

## F.  Plaintiff Robert Grunn (Funeral Director) and Need for Declaratory Judgment

41. As a licensed funeral director, pursuant to R.C. §3705.16, Plaintiff Robert Grunn registers deaths and provides personal information regarding the decedent to the state for inclusion on the death certificate.  Plaintiff Grunn has a duty to provide accurate and truthful information.

42. Plaintiff Grunn signs death certificates as a funeral director.

43. Plaintiff Grunn serves a wide variety of clients, including same-sex couples.

44. Some of the same-sex couples whom he serves have been married in jurisdictions that authorize same-sex marriage.

45. In the future he will continue to serve same-sex couples including couples that have been married in jurisdictions that recognize same-sex marriage.

9

46. Based on his experience with married same-sex couples, he knows it is important that he record their marriage status as "married" or "widowed" and that any surviving spouse be listed by name as the surviving spouse.

47. Among his duties as an Ohio funeral director, Mr. Grunn collects the personal and statistical information of decedents and reports them to the local registrar of vital statistics. Ohio Rev. Code § 3705.16(B). In fulfilling this duty, funeral directors are prohibited from "purposely mak[ing] any false statement." Ohio Rev. Code § 3705.29(A)(1). A violation of this prohibition could lead Mr. Grunn to be fined up to ten thousand dollars or incarcerated for up to five years, or both. Ohio Rev. Code § 3705.99.

48. By serving as a plaintiff in this action, Mr. Grunn is seeking a declaratory judgment clarifying that it is consistent with the law to list a decedent married to a same-sex partner in another jurisdiction that authorizes same-sex marriage as "married" or "widowed" on an Ohio death certificate and that it is consistent with the law to list on that death certificate the name of any surviving spouse.

49. By serving as a plaintiff in this action, Mr. Grunn is also representing the interests of the same-sex couples married in jurisdictions that recognize their marriages and who will be his clients and customers now and in the future. On their behalf, as their funeral director, Plaintiff Grunn seeks to secure the right to list the marital status of the decedent as "married" (or, if appropriate, as "widowed") and report the name of the survivor as the "surviving spouse" on the Ohio death certificates for these clients.

## VI. CLAIM FOR RELIEF

### 42 U.S.C. §1983 - United States Constitution

50. Defendants, acting under color of law, have violated rights secured to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution including the right of association, the right to due process of law, and the right to equal protection under the law. Specifically Defendants have failed, as applied to the plaintiffs married in jurisdictions that authorize same-sex marriage, to issue death certificates listing said plaintiffs as "married" (or, if applicable, "widowed") and listing the survivor on the death certificate as the "surviving spouse." Plaintiffs reserve the right to raise additional issues should that be necessary in subsequent complaints or lawsuits as circumstances warrant and shall not by virtue of pursuing this as applied challenge be precluded from doing so.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court:

A. Issue a declaratory judgment that the statute and Ohio Constitutional provision at issue in this case, which prohibit recognition of the same-sex marriages of plaintiffs James Obergefell and John Arthur as well as the same-sex marriage of David Michener and William Ives as applied to their requests for death certificates, violate the constitutional rights of these plaintiffs. Specifically, this court should declare that any of these plaintiffs who die in Ohio shall be entitled to a death certificate listing his status as "married" or "widowed" as appropriate and listing the person who survives from that marriage as the surviving spouse on an Ohio death certificate of the decedent;

11

B. Issue a declaratory judgment that the statutory and Ohio Constitutional provisions at issue in this case, violate the constitutional rights of those same-sex couples married in jurisdictions that authorize same-sex marriage who become clients of Plaintiff Robert Grunn and about whom he reports information regarding their marital status and status as surviving spouses in support of their requests for death certificates.  Specifically, this court should declare that Plaintiff Robert Grunn may, consistent with the constitution, report that a decedent married in a state authorizing same-sex marriage is "married" or "widowed" and report the name of any surviving spouse on an Ohio death certificate he completes in the course of his work as a funeral director in Ohio.

C. Issue a preliminary and permanent injunction against the Defendants and all those acting in concert requiring that they issue to each married plaintiff death certificates that record their marital status as "married" or "widowed" and that list any survivor as the "surviving spouse." Said injunction shall include a requirement that Defendants Wymyslo and Jones issue directives to local registrars, funeral homes, coroners and others who assist with the completing of Ohio death certificates explaining their duties under the orders of this Court;

D. Award to Plaintiffs reasonable costs, expenses and attorney fees;

E. Award such other and further relief as this Court shall deem just and reasonable.

Respectfully submitted,

| | |
|---|---|
| Lisa T. Meeks  (0062074)<br>Newman & Meeks Co., LPA<br>215 E. Ninth Street, Suite 650<br>Cincinnati, OH  45202<br>phone:  513-639-7000<br>fax:  513-639-7011<br>lisameeks@newman-meeks.com<br><br><br>*Attorney for Plaintiffs* | /s/ Alphonse A. Gerhardstein<br>Alphonse A. Gerhardstein # 0032053<br>*Trial Attorney for Plaintiffs*<br><br>Jennifer L. Branch #0038893<br>Jacklyn Gonzales Martin #0090242<br>Gerhardstein & Branch Co. LPA<br>Attorneys for Plaintiffs<br>432 Walnut Street, Suite 400<br>Cincinnati, Ohio 45202<br> (513) 621-9100<br> (513) 345-5543 fax<br>agerhardstein@gbfirm.com<br>jbranch@gbfirm.com<br>jgmartin@gbfirm.com<br>*Attorneys for Plaintiffs* |

13