UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| James Obergefell, et al., | : | Civil Action No. 1:13-cv-501 |
| Plaintiffs | : | Judge Timothy S. Black |
| v. | : | |
| John Kasich, et al., | : | DEFENDANT CITY OF CINCINNATI VITAL STATISTICS REGISTRAR CAMILLE JONES' |
| Defendants. | : | ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT (DOC. 33) |

## ANSWER

For her Answer to Plaintiffs' Second Amended Complaint (Doc. 33) ("Complaint"), Defendant Camille Jones, M.D. sued in her official capacity as the City of Cincinnati's local registrar of vital statistics ("City"), states as follows:

1. Paragraph 1 of the Complaint is a preliminary statement of Plaintiffs' case and does not contain allegations to which a response is required. Any allegations are specifically answered in the paragraphs below.

2. The City admits the allegations in Paragraph 2 of the Complaint.

3. The City admits the allegations in Paragraph 3 of the Complaint.

4. The City admits the allegations in Paragraph 4 of the Complaint.

5. The City admits the allegations in Paragraph 5 of the Complaint.

6. The City admits the allegations in Paragraph 6 of the Complaint.

7. The City admits the allegations in Paragraph 7 of the Complaint.

8. With regard to Paragraph 8 of the Complaint, the City admits that Dr. Jones is the local registrar of vital statistics for the City of Cincinnati and that she is sued in her official capacity only. Dr. Jones's duties and responsibilities as vital statistics registrar are stated in Chapter 3705 of the Ohio Revised Code and the administrative regulations promulgated by the Ohio Department of Health and the state's vital statistics registrar. The City denies the remaining allegations of Paragraph 8 of the Complaint to the extent they are inconsistent with this response.

9. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. With regard to Paragraph 13 of the Complaint, the City admits that Obergefell and Arthur were married in Maryland. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Complaint.

14. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. The City admits the allegations in Paragraph 15 of the Complaint.

16. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. With regard to Paragraph 17 of the Complaint, the City admits that Ives died of natural causes at University Hospital on August 27, 2013. The City lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 17 of the Complaint.

18. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. The City admits the allegations in Paragraph 19 of the Complaint.

20. With regard to Paragraph 20 of the Complaint, the City admits that a death certificate was issued consistent with the Court's order. The City lacks knowledge or information sufficient to form a belief about the truth of whether the remaining allegations in Paragraph 20 of the Complaint.

21. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. The City admits the allegations in Paragraph 23 of the Complaint.

24. The City admits the allegations in Paragraph 24 of the Complaint.

25. The City admits the allegations in Paragraph 25 of the Complaint.

26. The City admits the allegations in Paragraph 26 of the Complaint.

27. The City admits the allegations in Paragraph 27 of the Complaint.

28. The City admits the allegations in Paragraph 28 of the Complaint.

29. The City admits the allegations in Paragraph 29 of the Complaint.

30. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. The City denies the allegations in Paragraph 31 of the Complaint only to the extent that it is required as a political subdivision of the state to defend the constitution and laws of the state of Ohio. The laws at issue are state laws. The City of Cincinnati does not have any municipal laws treating same-sex marriages differently from opposite-sex marriages. Rather, the City of Cincinnati has shown its support for same-sex couples. The City recently proclaimed July 11, 2013 as "John Arthur and James Obergefell Day," in recognition of the initial Plaintiffs' marriage. The ceremonial proclamation states that "John and Jim are a shining example of why LGB couples should be treated equally, under the law, in every state." Additionally, the City last year extended health care benefits to permit employees in committed same-sex relationships, among others, to enjoy the same benefits as married couples. Eight of nine Members of Council supported the change. *See, e.g.*, Cincinnati City Council Motion (Apr. 30, 2012) (Cincinnati Doc. No. 201200663). And in November 2004, Cincinnati voters amended the City Charter to repeal Article XII, which had prohibited the City from giving legal protections based on sexual orientation. *See* Cincinnati Ordinance No. 271-2004.

32. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

4

33. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. With regard to Paragraph 34 of the Complaint, the City admits that the City issued a death certificate for Michener's death pursuant to a Temporary Restraining Order entered by the Court (Doc. 23). The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 of the Complaint.

35. With regard to Paragraph 35 of the Complaint, the City admits that Dr. Jones's duties and responsibilities as vital statistics registrar are stated in Chapter 3705 of the Ohio Revised Code and the administrative regulations promulgated by the Ohio Department of Health and the state's vital statistics registrar. The City denies the remaining allegations of Paragraph 35 of the Complaint to the extent they are inconsistent with this response.

36. With regard to Paragraph 36 of the Complaint, the City admits that Dr. Wymyslo's duties and responsibilities are defined by Ohio law and denies the allegations in Paragraph 36 to the extent they are inconsistent with this response.

37. With regard to Paragraph 37 of the Complaint, the City admits that Dr. Jones's duties and responsibilities as vital statistics registrar are stated in Chapter 3705 of the Ohio Revised Code and the administrative regulations promulgated by the Ohio Department of Health and the state's vital statistics registrar. The City denies the remaining allegations of Paragraph 37 of the Complaint to the extent they are inconsistent with this response.

38. With regard to Paragraph 38 of the Complaint, the City admits that Dr. Jones's duties and responsibilities as vital statistics registrar are stated in Chapter 3705 of the Ohio Revised Code and the administrative regulations promulgated by the Ohio Department of Health and the state's vital statistics registrar. The City denies the remaining allegations of Paragraph 38 of the Complaint to the extent they are inconsistent with this response.

39. The City admits the allegations in Paragraph 39 of the Complaint.

40. The City admits the allegations in Paragraph 40 of the Complaint to the extent it is permitted to as a political subdivision of the state required to defend the constitution and laws of the state of Ohio. The laws at issue are state laws.

41. With regard to Paragraph 41 of the Complaint, the City admits that Mr. Grunn is a licensed funeral director and that his duties as a licensed funeral director are stated in Chapter 3705 of the Ohio Revised code and the administrative regulations promulgated by the Ohio Department of Health and the state's vital statistics registrar. The City denies the remaining allegations of Paragraph 41 of the Complaint to the extent they are inconsistent with this response.

42. The City admits the allegations in Paragraph 42 of the Complaint.

43. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

44. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

45. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47. With regard to Paragraph 47 of the Complaint, the City admits that Mr. Grunn's duties and responsibilities as a licensed funeral director are stated in Chapter 3705 of the Ohio Revised code and the administrative regulations promulgated by the Ohio Department of Health and the state's vital statistics registrar. The City denies the remaining allegations of Paragraph 47 of the Complaint to the extent they are inconsistent with this response.

48. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50. The City denies the allegations in Paragraph 50 of the Complaint.

51. With regard to the Prayer for Relief in the Complaint, the City denies that Plaintiffs' are entitled to their reasonable costs, expenses, or attorney fees, or any form of monetary relief from Dr. Jones or the City of Cincinnati.

## AFFIRMATIVE DEFENSES

52. The City denies each and every statement, allegation, and averment contained in the Complaint that is not specifically admitted to be true.

53. Plaintiffs' failed to state a claim upon which relief may be granted.

54. Plaintiffs' failed to mitigate damages, if any.

55. The provisions of Chapter 2744 of the Ohio Revised Code bar some or all of Plaintiffs' claims.

56. The City hereby gives notice that it intends to rely on and utilize any affirmative defenses set forth in Rules 8 & 12 of the Federal Rules of Civil Procedure that may become available or apparent during the course of discovery and hereby reserve the right to amend their answer to assert such defenses.

57. The City reserves the right to raise any other defenses as shall become manifest during or upon completion of discovery and hereby reserves the right to amend its answer to assert such defenses.

Respectfully submitted,

JOHN P. CURP
City Solicitor

*/s/ Aaron M. Herzig*
Aaron M. Herzig (0079371)
Deputy City Solicitor
Terrance A. Nestor (0065840)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph.       (513) 352-3320
Fax.      (513) 352-1515
E-mail:   aaron.herzig@cincinnati-oh.gov

Trial Attorney for Defendant Camille Jones, City of Cincinnati Registrar of Vital Statistics

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on October 11, 2013, using the Court's CM/ECF system, which will deliver electronic notification of the filing to all counsel of record.

*/s/ Aaron M. Herzig*