IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JAMES OBERGEFELL, et al.,** : | |
| : | Case No. 1:13-cv-00501 |
| Plaintiffs, : | |
| : | District Judge Timothy S. Black |
| **v.** : | |
| : | |
| **DR. THEODORE E. WYMYSLO, M.D.,** : | |
| : | |
| Defendant. : | |

**DEFENDANT DIRECTOR OF THE OHIO DEPARTMENT OF HEALTH, THEODORE E. WYMYSLO, M.D'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT [DOC. NO. 33]**

In Answer to the Second Amended Complaint in this action, Defendant Dr. Theodore E. Wymyslo, Director of the Ohio Department of Health, ("Defendant"), hereby states as follows:

1. Defendant does not dispute that Plaintiffs James Obergefell and John Arthur have been in a committed relationship for over twenty years; that John Arthur suffers from a debilitating ALS disease; that John Arthur is a hospice patient; and that James Obergefell and John Arthur traveled to Maryland to be married, and have provided information that states that they were married under the laws of Maryland.  Defendant does not dispute that Plaintiff Robert Grunn is a licensed funeral director.  Defendant denies that the State of Ohio's Constitution and law defining marriage violate the United States Constitution.  Defendant notes that the remaining allegations in Paragraph 1 are legal conclusions for which no response is required here, and further notes that nothing in Plaintiffs' Complaint alleges any violation of law by the Defendant.

2. Defendant admits that Plaintiffs' claims purport to arise under federal law and that venue is proper. Further answering, Defendant denies that this Court has jurisdiction over Plaintiffs' claims.

3. Defendant does not dispute that James Obergefell is a resident of Cincinnati or that he has submitted information that states that he was married under the laws of the state of Maryland to John Arthur as set forth in Paragraph 3.

4. Defendant does not dispute that John Arthur is a resident of Cincinnati or that he has submitted information that states that he was married under the laws of the state of Maryland to John Arthur as set forth in Paragraph 4.

5. Defendant does not dispute that David Michener is a resident of Wyoming, Ohio or that he has submitted information that states that he was married under the laws of the state of Delaware to William Herbert Ives as set forth in Paragraph 5. Further answering, Defendant does not dispute that Mr. Ives died at University Hospital in Cincinnati on August 27, 2013.

6. Defendant states that the allegations contained in Paragraph 6 are the subject of Defendant's motion to dismiss, which was filed contemporaneously with this Answer, and thus no response is required at this time.

7. Defendant admits that Theodore E. Wymyslo, M.D. is the Director of the Ohio Department of Health. Further answering, Defendant asserts that the remaining allegations in Paragraph 7 are legal conclusions to which no response is required here.

8. Defendant admits that Dr. Camille Jones is the Local Registrar of the Cincinnati Health Dept. Office of Vital Records. The remaining allegations in Paragraph 8 are legal conclusions to which no further response is required here.

9. Defendant does not dispute the allegations set forth in Paragraph 9 of the Second Amended Complaint.

10. Defendant does not dispute the allegations set forth in Paragraph 10 of the Second Amended Complaint.

11. Defendant does not dispute the allegations set forth in Paragraph 11 of the Second Amended Complaint.

12. Defendant does not dispute the allegations set forth in Paragraph 12 of the Second Amended Complaint.

13. Defendant does not dispute that James Obergefell and John Arthur have submitted information that states that they were married in Maryland under the law of Maryland as set forth in Paragraph 13.

14. Defendant does not dispute the allegations set forth in Paragraph 14 of the Second Amended Complaint.

15. Defendant does not dispute that David Michener and William Ives have submitted information that states that they were married in Delaware under the laws of Delaware as set forth in Paragraph 15.  The remaining allegation in Paragraph 15 calls for a legal conclusion to which no response is required here.

16. Defendant does not dispute that David Michener and William Ives were together for eighteen years and denies for want of information sufficient to form a belief the remaining allegations set forth in Paragraph 16.

17. Defendant admits the allegations set forth in Paragraph 17 of the Second Amended Complaint.

18. Defendant does not dispute that David Michener has asked to be listed as William Ives' surviving spouse as set forth in Paragraph 18 of the Second Amended Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Second Amended Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of the Second Amended Complaint.

21. Defendant states that the allegations in Paragraph 21 of the Second Amended Complaint state an assertion as to which no response is required here.

22. Defendant states that the allegations in Paragraph 22 of the Second Amended Complaint state an assertion as to which no response is required here.

23. Defendant states that the allegation in Paragraph 23 of the Second Amended Complaint states a legal conclusion as to which no response is required here.

24. Defendant states that the allegations in Paragraph 24 of the Second Amended Complaint state a legal conclusion as to which no response is required here.

25. Paragraph 25 of the Second Amended Complaint states a legal conclusion to which no response is required here. To the extent a response is required, Defendant states that the United States Supreme Court's decision in *United States v. Windsor*, 133 S.Ct. 2675 (2013) speaks for itself, and further that *Windsor* did not overturn the part of the federal statute that allows states to define marriage.

26. Defendant admits that the State of Ohio does not recognize same-sex marriage.

27. Defendant admits that the law of the State of Ohio does not recognize same-sex marriage, and that Paragraph 27 of the Second Amended Complaint quotes a portion of Ohio statute. Defendant further states that Paragraph 27 of the Second Amended Complaint includes a

legal conclusion to which no response is required here and/or a statement of law that speaks for itself.

28.     Defendant states that the People of the State of Ohio have, by popular vote, amended the Ohio Constitution to include the language quoted in Paragraph 28 of the Second Amended Complaint, and further notes that Paragraph 28 includes a legal conclusion to which not response is required here and/or a statement of law that speaks for itself.

29.     Defendant asserts that Paragraph 29 of the Second Amended Complaint is a legal conclusion to which a response is not required here.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Second Amended Complaint to the extent that such allegations do not state legal conclusions as to which no response is required here.

31.     Defendant denies the allegations within Paragraph 31 of the Second Amended Complaint.

32.     Defendant does not dispute the allegations within Paragraph 32 of the Second Amended Complaint.

33.     Defendant denies the allegations set forth in Paragraph 33 of the Second Amended Complaint to the extent that such allegations do not state legal conclusions or requests as to which no response is required here, except that Defendant does not dispute the Amended Complaint's statements with regard to health.

34.     Defendant denies the allegations set forth in Paragraph 34 of the Second Amended Complaint to the extent that such allegations do not state legal conclusions or requests as to which no response is required here, except that, Defendant admits that William Herbert Ives had died at the time Plaintiff Michener applied for the TRO and that a death certificate was

necessary to proceed with a cremation. Defendant does not dispute that the late Mr. Ives desired to be cremated.

35. Defendant denies the allegations in Paragraph 35 of the Second Amended Complaint.

36. Defendant states that the allegations in Paragraph 36 are legal conclusions for which no response is required here.

37. Defendant denies for want of knowledge sufficient to form a belief the allegation in Paragraph 37 of the Second Amended Complaint.

38. Defendant denies for want of knowledge sufficient to form a belief the allegation in Paragraph 38 of the Second Amended Complaint.

39. Defendant denies for want of knowledge sufficient to form a belief the allegations set forth in Paragraph 39 of the Second Amended Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Second Amended Complaint to the extent that they do not state legal conclusions as to which no response is required here.

41. Defendant states that the allegations contained in Paragraph 41-49 of the Second Amended Complaint are the subject of Defendant's Motion to Dismiss for want of jurisdiction and for failure to state a claim, filed contemporaneously with this Answer, and thus no response is required at this time.

42. Defendant admits that pursuant to Ohio's statute and Ohio's Constitution, Ohio does not recognize same-sex marriages performed in other jurisdictions, further, Defendant denies the remaining allegations set forth in Paragraph 50 of the Second Amended Complaint.

43. Defendant denies all allegations set forth in the Prayer for Relief, and specifically denies that Plaintiffs are entitled to relief.  Defendant further states that Paragraph B is the subject of Defendant's Motion to Dismiss for want of jurisdiction and for failure to state a claim, filed contemporaneously with this Answer, and thus no response is required at this time.

44. Defendant denies all allegations not expressly admitted or specified as not disputed.

WHEREFORE, having answered the Plaintiffs' Second Amended Complaint, Defendant raises the following defenses, including affirmative defenses:

### FIRST DEFENSE

This Court lacks jurisdiction over Plaintiffs' claims.

### SECOND DEFENSE

Plaintiffs' claims are moot.

### THIRD DEFENSE

Plaintiffs' claims are not ripe.

### FOURTH DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### FIFTH DEFENSE

Article XV, Section 11 of the Ohio Constitution as adopted by vote of the People of the State of Ohio does not violate Plaintiffs' rights under the United States Constitution.  Provisions of Ohio's Constitution may not be set aside without warrant in law.

**SIXTH DEFENSE**

Ohio Revised Code § 3101.01(C)(2) does not violate Plaintiffs' rights under the United States Constitution. Duly adopted provisions of Ohio statute may not be set aside without warrant in law.

**SEVENTH DEFENSE**

Defendant Wymyslo reserves the right to add defenses, including affirmative defenses, as may be disclosed during the course of this proceeding.

WHEREFORE, having fully answered, Defendant Wymyslo submits that the Second Amended Complaint should be dismissed.

    Respectfully submitted,

    MICHAEL DEWINE
    Ohio Attorney General

    /s/ *Bridget E. Coontz*
    BRIDGET E. COONTZ (0072919)*
        *Lead and Trial Counsel
    ZACHERY P. KELLER (0086930)
    Assistant Attorney General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: (614) 466-2872; Fax: (614) 728-7592
    bridget.coontz@ohioattorneygeneral.gov
    zachery.keller@ohioattorneygeneral.gov

    *Counsel for Theodore E. Wymyslo, M.D., Director of the Ohio Department of Health*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically on October 11, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Bridget E. Coontz*
Bridget E. Coontz (0072919)*
Assistant Attorney General