## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JAMES OBERGEFELL, *et al.* | : | Case No. 1:13-cv-501 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| THEODORE W. WYMYSLO, M.D., *et al.* | : | |
| | : | |
| Defendants. | : | |

## DECLARATORY JUDGMENT
## AND PERMANENT INJUNCTION

This Court earlier entered a Temporary Restraining Order in this case as applied to Plaintiffs Obergefell and Arthur and a similar Order as applied to Plaintiff Michener. (Docs. 14 and 23). The parties extended these Orders by agreement until final disposition of this case. (Docs. 16 and 23). Now, upon consideration of Plaintiffs' Motion for Declaratory Judgment and Permanent Injunction (Doc. 53), the parties' responsive memoranda (Docs. 56 and 62), and the record evidence, the Court has found and concluded that Plaintiffs' motion is appropriately granted. (Doc. 56). Consequently, the Court now enters final judgment of declaratory judgment and permanent injunction.

Specifically, the Court finds that Plaintiffs have established that Ohio Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C) violate rights secured by the Fourteenth Amendment to the United States Constitution in that same-sex couples legally married in other jurisdictions who seek to have their out-of-state marriages recognized and accepted

as legal in and by Ohio are denied due process of law when the attendant protections and benefits of their existing marriages are denied by the state and are denied the equal protection of the laws when Ohio does recognize heterosexual marriages from other jurisdictions, even if the heterosexual marriage is of a kind not authorized in Ohio.  The evidence demonstrates that there is no state interest sufficient to justify denying same-sex married couples the same recognition of their existing marriages.

Therefore, this Court hereby **DECLARES** that Ohio Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C) are unconstitutional as applied to Plaintiffs, and that the filing of death certificates on behalf of Plaintiffs in valid same-sex marriages from other jurisdictions, if requested, shall recognize decedents as "married" or "widowed" and shall acknowledge decedents' "surviving spouses."

The Court further **DECLARES** that Ohio Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C) violate the constitutional rights of those same-sex couples married in jurisdictions that authorize same-sex marriage who become clients of Plaintiff Robert Grunn and about whom he reports information regarding their marital status and status as surviving spouses in support of their requests for death certificates.

Specifically, this Court **DECLARES** that Plaintiff Robert Grunn may, consistent with the Constitution of the United States and this Court's Final Order, report that a decedent married in a state authorizing same-sex marriage is "married" or "widowed" and report the name of the decedent's surviving same-sex spouse on an Ohio death certificate he completes in the course of his work as a funeral director in Ohio.

2

Defendants Theodore Wymyslo and Camille Jones, and their officers, agents, and employees, and those persons in active concert or participation with Defendants who receive actual notice of this Order, are also **PERMANENTLY ENJOINED** from enforcing Ohio Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C), as applied to Plaintiffs, such that Defendants, and all those acting in concert, are required to issue permanently to each married Plaintiff a death certificate that records his or her marital status as "married" or "widowed" and lists the same-sex "surviving spouse" by name, and Defendants, and those persons in active concert or participation with Defendants who receive actual notice of this Order, are prohibited from initiating any criminal prosecution or administrative discipline against Plaintiff Grunn for recording same-sex marriages and same-sex surviving spouses on the death certificates he completes.

Defendant Dr. Theodore E. Wymyslo is further **ORDERED** to make a best faith effort to communicate Notice of this Court's Final Orders (Docs. 56 & 57) to all persons within Ohio who assist with completing Ohio death certificates, and Dr. Wymyslo shall evidence such compliance by filing with this Court an Affidavit by 3/31/14.

**IT IS SO ORDERED**.

Date:  12/23/13                                     */s/ Timothy S. Black*
                                                   Timothy S. Black
                                                   United States District Judge