UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES OBERGEFELL** and | : | Case No. 1:13-cv-501 |
| **JOHN ARTHUR,** | : | |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : | |
| | : | **PLAINTIFFS' MOTION FOR** |
| vs. | : | **ATTORNEY FEES AND** |
| | : | **EXPENSES AND** |
| **JOHN KASICH, et al,** | : | **MEMORANDUM IN SUPPORT** |
| | : | |
| Defendants. | : | |
| | : | |

## MOTION

Plaintiffs pursuant to Local Rule 54.2 and 42 U.S.C. §1988, move for an award of $197,176.50 for reasonable attorney's fees and $13,752.54 in expenses for a grand total of $210,929.04 for the work done on all claims in this case. This Court entered judgment for Plaintiffs and permanently enjoined Defendants[1] from enforcing Ohio Const. Art. XV, §11 and Ohio Rev. Code § 3101.01(C) as applied to Plaintiffs. (Judgment Doc. 67). The Court also declared Ohio Const. Art. XV, § 11 and Ohio Rev. Code. § 3101.01(C) unconstitutional as applied to Plaintiffs. (Declaratory Judgment and Permanent Injunction Doc. 66). Plaintiffs therefore are prevailing parties and as such are entitled to reasonable attorney fees and expenses. The amounts are explained in detail in the memorandum below and in the attached declarations and exhibits. Plaintiffs submit this request for most work done through December 30, 2013. Since the case has not been finally resolved and is on appeal, Plaintiffs will supplement their

---

[1] Plaintiffs do not seek fees from Defendant Dr. Jones since neither she nor the City defended Article XV, § 11 of the Ohio Constitution or Ohio Rev. Code § 3101.01(C) because those laws discriminate against same-sex couples. In fact, the City of Cincinnati had proclaimed July 11, 2013 as "John Arthur and James Obergefell Day," in recognition of the Plaintiffs' marriage. (See, Dr. Jones' Memorandum in Response to Motion for Temporary Restraining Order, Doc. 10.)

1

requests for attorney fees for the fees expended in further litigation, including the appeal after the appeal is concluded.

## MEMORANDUM IN SUPPORT

Plaintiffs are prevailing parties in this Section 1983 action. Attorney fees and costs are authorized pursuant to 42 U.S.C. §1988, which provides that the Court may award "a reasonable attorney's fee" to prevailing parties as part of costs. *Hensley v. Eckerhart* 461 U.S. 424, 103 S.Ct. 1933 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"). For the reasons set forth more fully below, Plaintiffs respectfully submit that the hours expended in this case were reasonable given the difficulty of the case and the importance of the issues. The hourly rates requested by each attorney and staff member are reasonable given their background and experience.

**I.      Standard For Awarding Attorney Fees**

This Court, in a recent decision, succinctly summarized the purpose of awarding attorney fees in a case like this:

> Section 1983 is derived from the Civil Rights Act of 1871. Under Section 1983, every person who, under color of law, deprives persons of federal rights is liable for such deprivation. Plaintiffs' § 1983 claims in this case were brought to enforce the federal rights of equal protection and due process of law, rights that derive from the Fourteenth Amendment of the U.S. Constitution. To encourage private enforcement of federal rights like these, Congress enacted the Civil Rights attorney's Fees Awards Act, 42 U.S.C. § 1988. *Perdue v. Kenny A.*, 559 U.S. 542, 550 (2010). That Act provides that "[i]n any action or proceeding to enforce a provision of [§] 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Thus, although the general rule in our legal system is that each party must pay its own attorney's fees and expenses, Congress made an exception to this rule to "ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

*Hunter v. Hamilton Cnty. Bd. of Elections*, 1:10CV820, 2013 WL 5467751 (S.D. Ohio Sept. 30, 2013) *7.

The criteria for the award of attorney's fees are set forth in *Blum v. Stevenson*, 465 U.S. 886, 104 S.Ct. 1541 (1984), *Hensley v. Eckerhart* 461 U.S. 424, 103 S.Ct. 1933 (1983), *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2368 (1992), and *Northcross v. Bd. of Ed. of Memphis School District*, 611 F.2d 624 (6th Cir. 1979) (overruled on other grounds). Once a plaintiff crosses the statutory threshold and is found to be a "prevailing party," the plaintiff is "entitled to recover attorneys' fees for 'all time reasonably spent on a matter.'" *Northcross,* 611 F.2d at 636.

To be a prevailing party, a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Phelan v. Bell*, 8 F. 3d 369 (6th Cir. 1993). "A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111–12 (1992). The Supreme Court in *Farrar* went on to clarify that "[n]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Id.* at 113. The Sixth Circuit accords considerable deference to a district court's determination of whether a plaintiff is a prevailing party because the district court has "a ring-side view of the underlying proceedings." *McQueary v. Conway,* 614 F.3d 591, 604 (6th Cir. 2010).

In the case at bar, the Court entered judgment for Plaintiffs; declared that Ohio Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C) are unconstitutional as applied to Plaintiffs; declared that Ohio Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C) violate the

3

constitutional rights of those same-sex couples married in jurisdictions that authorize same-sex marriage who become clients of Plaintiff Robert Grunn and about whom he reports information regarding their marital status and status as surviving spouses in support of their requests for death certificates; declared that Plaintiff Robert Grunn may report that a decedent married in a state authorizing same-sex marriage is "married" or "widowed" and report the name of the decedent's surviving same-sex spouse on an Ohio death certificate he completes in the course of his work as a funeral director in Ohio; and permanently enjoined Defendant Dr. Wymyslo, his officers, agents, and employees from enforcing Ohio Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C), as applied to Plaintiffs. (See Doc. 66 and Doc. 67). For all these reasons, Plaintiffs are prevailing parties entitled to attorney fees and costs.

## II.     The Hours Expended By Plaintiffs' Counsel Were Reasonable

The Supreme Court has recognized the method for calculating an appropriate award of attorney fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. This is known as the Lodestar calculation.

> The result of this calculation "produces an award that *roughly* approximates the fee that the prevailing party would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (emphasis in the original). The lodestar usually is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). A reasonable fee is one which is adequate to attract competent counsel, but does not produce a windfall to attorneys. *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007).

*Hunter v. Hamilton Cnty. Bd. of Elections*, 1:10CV820, 2013 WL 5467751 (S.D. Ohio Sept. 30, 2013) *14.

The Court should indicate on the record the number of hours it finds the prevailing party's attorneys have expended on the case. This finding must first take into account the affidavits of counsel. The hours claimed need not be automatically accepted by the court, but to

4

the extent that hours are rejected, the court must indicate some reason for its action.  Hours may be cut for duplication, padding or frivolous claims.  If a court decides to eliminate hours of service adequately documented by the attorneys, it must identify those hours and articulate its reasons for their elimination.  *See Northcross*, *supra*.

> The time spent on this action is reasonable:
>
> The question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990) *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).  Under this test, all hours expended in this action by all Plaintiffs' attorneys were reasonable.

Mr. Gerhardstein, Ms. Branch, and their staff recorded their time contemporaneously with the service. The compilation of attorneys' time records from Gerhardstein & Branch Co., LPA is attached to the Gerhardstein Declaration as Exhibit 2.  Ms. Meeks' hours are attached as Exhibit 1 to Meeks Declaration.  Plaintiffs' attorneys exercised billing judgment at the time of entry of the times and did not record every minute spent on the case. The hours and work performed are explained in the Declarations.

The lead attorney in this case has considerable background, experience, and skill in representing plaintiffs in civil rights cases in federal court.  (See Gerhardstein Declaration (Ex. 1).   Alphonse A. Gerhardstein is a graduate of the New York University School of Law and has been admitted to practice in Ohio and the federal courts since 1976. He was admitted to practice before the U.S. Supreme Court in 1984. For the past 37 years, most of his practice has been

devoted to civil rights litigation. He has been counsel or co-counsel on hundreds of civil rights cases filed in the state and federal courts. His current billing rate is $450 per hour. (Gerhardstein Declaration Exhibit 2). Based on Mr. Gerhardstein's background, experience and skill, the hours requested in the fee application have been necessarily expended.  The fees requested comport with and are reasonable in light of the factors contained in Ohio Rule of Professional Conduct 1.5 insofar as they accurately reflect the time and labor required in the prosecution of this matter, the difficulty of the questions involved, the skill required to perform the work properly, they comport with the fees customarily charged by others for similar legal services, and they are appropriate in light of the results obtained.

### III.     Calculation of Fees Under 42 U.S.C. § 1988

The first step in determining a reasonable fee is to determine the hourly rate to be used. The Supreme Court held that attorney's fees are to be "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stevenson*, 465 U.S. 886, 895, 104 S.Ct. 1541 (1984).

> To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir.2004). In determining the reasonable rate, the Court has the discretionary authority to consider a party's submissions, awards in analogous cases, and its own knowledge and experience from handling similar requests for fees. *Project Vote,* 2009 U.S. Dist. LEXIS 34571, at *5 (citing *Johnson v. Connecticut Gen. Life Ins. Co.* 2008 LEXIS 24026, at * 14 (N.D.Ohio Mar. 13, 2008)).

*Ne. Coal. for Homeless v. Brunner*, 2:06-CV-896, 2010 WL 4939946 at *7 (S.D. Ohio Nov. 30, 2010).  The hourly rates requested by Plaintiffs meet this standard.

Plaintiff seeks fees based on an hourly rate of $450 for Alphonse A. Gerhardstein (Admitted 1978), $385 for Jennifer Branch (Admitted 1987), $350 for Lisa Meeks (Admitted 1993), and $225 for Jacklyn Gonzales Martin (Admitted 2010). These rates are consistent with

6

rates recently found by federal courts to be reasonable for attorneys in the Southern District of Ohio. For example, in *Williamson v. Recovery Ltd. Partnership*, No. 2:06–cv–292, 2013 WL 3222428 (S.D. Ohio June 25, 2013), the court awarded a Columbus attorney with experience comparable to Mr. Gerhardstein's at $520 per hour. Mr. Gerhardstein was awarded fees at $400 per hour in the *Hunter* case, but subsequent to the filing of the fee motion in *Hunter* in April 2012, Mr. Gerhardstein increased his rate to $450 per hour and has settled cases at that rate since April 2012. Gerhardstein Declaration.

Ms. Gonzales Martin has over 3 years of experience. In *Williamson*, an attorney with comparable experience was awarded $220 per hour. *See also Rist v. Hartford Life & Acc. Ins. Co.*, No. 1:05–cv–492, 2011 WL 6101633 (S.D. Ohio Nov. 14, 2011) (approving fees of $200 per hour and $225 per hour for Cincinnati attorneys with experience comparable to Ms. Gonzales Martin).

Recently Ms. Branch's rate was *sua sponte* increased from $300 to $385 by the District Court for work done in 2010 through 2012. *See Hunter v. Hamilton Cnty. Bd. of Elections*, 1:10CV820, 2013 WL 5467751 (S.D. Ohio Sept. 30, 2013) at *17. Having been awarded a rate by another court is one indicia that a rate is reasonable. *Ne. Coal. for the Homeless v. Brunner*, No. 2:06cv896, 2010 WL 4939946, at *7 (S.D. Ohio Nov. 30, 2010) ("In determining the reasonable rate, the Court has the discretionary authority to consider a party's submissions, awards in analogous cases, and its own knowledge and experience from handling similar requests for fees.").

Ms. Branch's rate of $385 and Ms. Meek's rate of $350 are comparable to other attorneys in the Cincinnati market with their experience of 26 years to twenty years, respectively. *See*, *U.S.*

*ex rel. Ellison*, 2010 WL 2854137, at *2 (awarding fees from $425 to $500 per hour for attorneys with between eighteen and twenty-seven years of experience).

Additional support for plaintiff's attorney's rates can be found in Judge Rubin's 1983 committee's determination of reasonable attorney fee rates for the Southern District. Courts in the Southern District still use Judge Rubin's rates, adjusting the rates for cost of living at 4% per year. *See*, *Hunter at \*17*; *Georgia-Pacific LLC v. Am. Intern. Specialty Lines Ins. Co.*, 278 F.R.D. 187, 192 (S.D. Ohio 2010); *West v. AK Steel Corp. Ret. Acc. Pension Plan*, 657 F. Supp. 2d 914, 932 (S.D. Ohio 2009). *Fredericks v. Potter*, Case No. 1:06-CV-113, Doc. 123 (S.D. OH 2009), *Lee v. Javitch, Block & Rathbone LLP,* 568 F. Supp. 2d. 870 (S.D. Ohio 2008) (C. J. Beckwith) (merits decision later reversed); *Kindel v. Continental Casualty Co.*, 2005 WL 1241975 (S.D. Ohio 2005) (C. J. Beckwith).

Under Judge Rubin's rubric, the rates requested are comparable. The chart below summarizes the current rates compared to Judge Rubin's rubric using 1983 rates calculated for 2013 rates, after applying a 4% annual cost-of-living allowance to measure the reasonableness of the fees requested. (Branch Declaration). Applying the Rubin Rate as of 2013, the rates for Ms. Branch and Mr. Gerhardstein would be $415 per hour.

| Name | Hourly Rate | Year Admitted | Years in Practice | Rubin Rate as of 2013 |
|---|---:|---:|---:|---:|
| Al Gerhardstein | $450 | 1976 | 37 | 415 |
| Jennifer Branch | $385 | 1987 | 26 | 415 |
| Lisa Meeks | $350 | 1993 | 20 | 366 |
| Jacklyn Gonzales Martin | $225 | 2010 | 3 | 200 |
| Paralegals | $80-95 | | | 122 |
| Law Clerk | $85 | | | 77 |

In addition, the market rates in the Cincinnati market are comparable to the rates being charged by Plaintiffs' attorneys. Other Cincinnati litigators with similar years of experience as the lead attorneys in this case bill at higher rates:

8

| Attorney Name (date of admission) | Awarded rate (year of award) |
|---|---|
| David Altman (1974) | $390 (2004)[2] |
| David M. Cook ( 1978) | $450 (2008)[3] |
| Jim Helmer (1975) | $420 (2004)[4] |
| | $498 (2010)[5] |
| Paul Martin (1979) | $375 (2004) [6] |
| Frederick Morgan, Jr. (1983) | $500 (2010) [7] |
| Julie Popham (1992) | $425 (2010) [8] |
| Jennifer Verkamp (1996) | $450 (2010) [9] |

These Cincinnati market rates are equal to or higher than the rates Plaintiff requests in this case. For additional comparison of court awarded Cincinnati market rates, *see West v. AK Steel Corp. Ret. Accumulation Pension Plan*, 657 F. Supp. 2d 914, 934 (S.D. Ohio 2009) (approving experienced counsel rates for $351 to $497 in an ERISA case).  A decision from the Northern District of Ohio in which the court approved rates ranging from $250 to $450 per hour, depending on each attorney's experience, was affirmed on appeal. *Van Horn v. Nationwide Prop. and Cas. Ins. Co.,* 436 F. App'x 496, 499 (6th Cir.2011).

Plaintiff's requested rates are consistent with the rates in the above cases. This court should therefore award Plaintiff attorneys' fees as set forth below.

**FEES**

| Staff | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Alphonse A. Gerhardstein | 234 | $450 | $105,300 |
| Jennifer L. Branch | 11.6 | $385 | $4,466 |
| Jennifer L. Branch | 20.75 | $350 | $7,262.50 |

---

[2] Opinion and Order awarding fees (Judge Spiegel Aug. 23, 2005) in *Unites States of America v. Sierra Club*, Case No. C-1-02-107 and affidavit of Helmer in support thereof (Aug. 6, 2004).
[3] *Bailey v. AK Steel Corp.*, 2008 WL 553764 (S.D. OH 2008).
[4] Opinion and Order awarding fees (Judge Spiegel Aug. 23, 2005) in *Unites States of America v. Sierra Club*, Case No. C-1-02-107 and affidavit of Helmer in support thereof (Aug. 6, 2004).
[5] *U.S. ex rel. Ellison v. Visiting Physicians Association, P.C*. 2010 WL 2854137 (S.D. OH 2010).
[6] Doc. 177, Order granting fees (Judge Black June 1, 2004) in *Estate of Roger Owensby, Jr. v. City of Cincinnati* (and Doc. 133, Declaration of Paul Martins in support thereof).
[7] *U.S. ex rel. Ellison v. Visiting Physicians Association, P.C.* 2010 WL 2854137 (S.D. OH 2010).
[8] *U.S. ex rel. Ellison v. Visiting Physicians Association, P.C.* 2010 WL 2854137 (S.D. OH 2010).
[9] *U.S. ex rel. Ellison v. Visiting Physicians Association, P.C.* 2010 WL 2854137 (S.D. OH 2010).

| | | | |
|---|---:|---:|---:|
| Lisa Meeks | 10.90 | $350 | $3,815 |
| Associate Attorney (Jacklyn Gonzales Martin) | 238.30 | $225 | $53,617.50 |
| Law Graduate | 119.80 | $130 | $15,574 |
| Paralegal I | 3.80 | $100 | $380 |
| Paralegal II | 1.40 | $100 | $140 |
| Law Clerk | 77.90 | $85 | $6,621.50 |
| **Total** | | | **$197,176.50** |

## IV.     Litigation Costs

Plaintiffs are entitled to an award of costs for expenses that would normally be billed to fee-paying clients. This includes filing fees, long distance phone, copy costs, deposition and transcript costs. 42 U.S.C. § 1988 (b); *Northcross*, 611 F.2d at 639; *See also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Plaintiff has incurred a total of $13,752.54 in expenses related to the case. (See itemized costs on the final page of Exhibit 2 to Gerhardstein Declaration).

## CONCLUSION

Plaintiffs respectfully request they be awarded attorney fees in the amount of $197,176.50 pursuant to 42 U.S.C. §1988. Plaintiffs should be awarded their expenses in the amount of $13,752.54 for a grand total of $210,929.04.

Respectfully submitted,

/s/ Jennifer L. Branch
Alphonse A. Gerhardstein # 0032053
Trial Attorney for Plaintiffs
Jennifer L. Branch #0038893
Jacklyn Gonzales Martin #0090242
GERHARDSTEIN & BRANCH CO. LPA
Attorneys for Plaintiffs
432 Walnut Street, Suite 400
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 fax
agerhardstein@gbfirm.com
jbranch@gbfirm.com
jgmartin@gbfirm.com

Lisa T. Meeks (0062074)
Newman & Meeks Co., LPA
215 E. Ninth Street, Suite 650
Cincinnati, OH  45202
phone:  513-639-7000
fax:  513-639-7011
lisameeks@newman-meeks.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on FEBRUARY 6, 2014, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/s/ Jennifer L. Branch
Jennifer L. Branch