UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES OBERGEFELL, *et al.*, | : | Case No. 1:13-cv-501 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| RICHARD HODGES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## FINAL JUDGMENT AND DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

On July 19, 2013, Plaintiffs filed a Complaint for Declaratory and Injunctive relief challenging the constitutionality of the Ohio statute and constitutional provision that denied legal recognition in Ohio to same-sex couples married outside Ohio. On December 23, 2013, this Court entered a declaratory judgment and permanent injunction. (Doc. 66). In a consolidated appeal, that decision was reversed by the United States Court of Appeals for the Sixth Circuit. *DeBoer v. Synder*, 772 F.3d 388 (6th Cir. 2014). On Writs of Certiorari, however, the United States Supreme Court reversed the decision of the Court of Appeals for the Sixth Circuit. *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015) (Doc. 82). Accordingly, consistent with the Supreme Court's judgment and mandate in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015), this Court now enters a final judgment and declaratory judgment and permanent injunction in this case.

In accordance with the Supreme Court's decision in *Obergefell*, this Court finds that Plaintiffs have established that Ohio Const. Art. XV, §11 and Ohio Rev. Code § 3101.01(C) violate rights secured by the Fourteenth Amendment to the United States Constitution in that

same-sex couples legally married in other jurisdictions who seek to have their out-of-state marriages recognized and accepted as legal in and by Ohio are denied due process and equal protection of law when the State denies recognition to, and the attendant protections and benefits for, their existing marriages entered in other jurisdictions.  The evidence demonstrates that there is no state interest sufficient to justify denying same-sex married couples the same recognition of their existing marriages.

The Court **DECLARES** that Ohio Const. Art. XV, §11 and Ohio Rev. Code § 3101.01(C) are unconstitutional, and that the filing of Ohio death certificates on behalf of Plaintiffs, and other similarly situated couples in valid same-sex marriages from other jurisdictions, shall recognize decedents as "married" or "widowed" and shall acknowledge decedents' "surviving spouses."

The Court further **DECLARES** that Ohio Const. Art. XV, §11 and Ohio Rev. Code. § 3101.01(C) violate the constitutional rights of those same-sex couples married in jurisdictions that authorize same-sex marriage who become clients of Plaintiff Robert Grunn and about whom he reports information regarding their marital status and status as surviving spouses in support of their requests for death certificates.  The Court specifically **DECLARES** that Plaintiff Robert Grunn, and others who have the duty to report information for death certificates in Ohio, may, consistent with the Constitution of the United States and this Court's Final Order, report that a decedent married in a state authorizing same-sex marriage is "married" or "widowed" and report the name of the decedent's surviving same-sex spouse on an Ohio death certificate they complete in the course of their work.

Defendant Richard Hodges, who is sued in his official capacity as the Director of the Ohio Department of Health, and Defendant Camille Jones, who is sued in her official capacity as the Registrar for the City of Cincinnati Health Department, and their officers, agents, and employees, and those persons in active concert or participation with Defendants who receive actual notice of this Order, are also **PERMANENTLY ENJOINED** from enforcing Ohio Const. Art. XV, §11 and Ohio Rev. Code § 3101.01(C), such that Defendants, and all those acting in concert, are required to issue to each person who dies married to a person of the same sex a death certificate that records his or her marital status as "married" or "widowed" and lists the same-sex "surviving spouse" by name, and Defendants, and those persons in active concert or participation with Defendants who receive actual notice of this Order, are prohibited from initiating any criminal prosecution or administrative discipline against Plaintiff Grunn, or others who have the duty to report information for death certificates in Ohio, for accurately recording same-sex marriages and same-sex surviving spouses on the death certificates they complete.

Defendant Richard Hodges is further **ORDERED** in his official capacity to make a good faith effort to communicate Notice of this Final Order (Doc. 88) to all persons within Ohio who assist with completing Ohio death certificates, and he shall evidence such compliance by filing with this Court a Notice of Compliance by December 1, 2015. The posting of this Final Order on the Ohio Department of Health's official website shall satisfy this Notice requirement.

**IT IS SO ORDERED**.

Date: 11/2/15

Timothy S. Black
United States District Judge